CHARLES BRAUN, as Administrator of the Estate of NICHOLAS BRAUN, Deceased, Appellant, *v.* BUFFALO GENERAL ELECTRIC COMPANY, Respondent.

Negligence — contributory negligence of sole beneficiary no defense to action for negligently causing death — erroneous charge.

In an action to recover for the death of plaintiff's intestate, alleged to have been occasioned by defendant's negligence, it is reversible error for the court to charge that the law "does not authorize a recovery where the sole beneficiary is equally guilty with the defendant in bringing about the death for which damages are sought to be recovered." (*McKay* v. *Syracuse R. T. Ry. Co.*, 208 N. Y. 359, followed.)

*Braun* v. *Buffalo General El. Co.*, 155 App. Div. 880, reversed.

(Argued November 19, 1914; decided December 1, 1914.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 24, 1913, affirming a judgment in favor of defendant entered upon a verdict. Also motion to dismiss said appeal.

*Charles Newton* for appellant.

*Alfred L. Becker* for respondent.

*Per Curiam.* This action is brought by the plaintiff as administrator under the provisions of section 1902 of the Code of Civil Procedure to recover damages for the death of the plaintiff's son, occasioned as alleged by the defendant's negligence. The plaintiff is the sole beneficiary under the statute.

The court, at the defendant's request, charged the jury that the law "does not authorize a recovery where the sole beneficiary is equally guilty with the defendant in bringing about the death for which damages are sought to be recovered." To this charge the plaintiff duly excepted, and the exception presents error for which the judgment must be reversed. (*McKay* v. *Syracuse R. T. Ry. Co.*, 208 N. Y. 359, 362.)

The defendant in the action has also made a motion to

dismiss the appeal, or for certain other relief in the alternative, which motion should be denied.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur.

Judgment reversed and a new trial granted, with costs to abide the event; motion to dismiss appeal denied, with ten dollars costs.