Illinois Central Railroad Company v. Gray et al.

[79 South. 812, In Banc.]

1. Railroads. *Injuries to persons on track. Presumption and burden of proof. Peremptory instruction.*

In a suit by a wife and children against a railroad company for the death of her husband, caused by a running train, where the circumstances surrounding the killing are not shown, the plaintiffs are entitled to a peremptory instruction on the question of liability, under Code of 1906, section 1985 (Hemingway's Code, section 1645), Providing that proof of injury by running cars is *prima-facie* evidence of negligence.

Appeal from the circuit court of Montgomery county. Hon. H. H. Rodgers, Judge.

Suit by Mrs. Ludie Kennedy Gray and others against the Illinois Central Railroad Company. From a judgment for plaintiffs, defendant appeals.

The facts are fully stated in the opinion of the court.

*Wells, May & Sanders* and *R. V. Fletcher,* for appellant.

*Wm. C. McLean* and *Hill & Knox,* for appellee.

Ethridge, J., delivered the opinion of the court.

Mrs. Ludie Kennedy Gray and her two children bring suit against the Illinois Central Railroad Company for the death of W. M. Kennedy, who was the former husband of Mrs. Gray and the father of her two children. Kennedy was found on the morning of the 12th day of August, 1914, at the bottom of a dump of the Illinois Central Railroad north of the corporate limits of the town of Duck Hill, and just outside of the corporate limits. Kennedy had one leg broken, his back, arm, and face bruised, and his clothing appeared to have been

struck by an engine; there being oil and smut upon the clothing. Kennedy was unconscious when found, but not dead, but died in a few hours after he was found, and was, from the time found until he died, unconscious. Kennedy was seen last before his injury on the night of the 11th of August, between 10 and 11 o'clock. It appeared from the evidence of some of the witnesses that Kennedy was either intoxicated or was under the influence of drugs at the time last seen, and that he started walking down the track of the defendant railroad company. He was found the following morning somewhere near 8 o'clock.

The defendant railroad company had eight trains that passed the place of injury between the time Kennedy was last seen before the injury and the time he was found after the injury. The men in charge of these different trains were placed on the witness stand by the railroad company, but none of them knew anything about the infliction of the injury; that is to say, there is no witness who claims to have seen the injury, or to have known which particular train of the defendant inflicted the injury. The persons in charge of at least three of these trains testified that they had no recollection of the condition under which their trains were operated the night of the injury, and could only say that they passed the place of injury by reason of reports of the operation of the trains filed with the railroad company, and the general statement that they recalled nothing unusual having occurred on the night in question. Under cross-examination these witnesses state that they have no independent recollection, and could not state from recollection the condition and equipment of the train, nor the circumstances which existed in passing through the town of Duck Hill. Some of them state that at the rate trains were usually operated the striking of a man by the engine would not cause such impact against the train as would bring it to their attention, unless they were looking out. In other words, the circumstances sur-

rounding the deceased and the train which struck him at the time of the injury are not disclosed by the record, and the case is governed by section 1985, Code of 1906 (section 1645, Hemingway's Code).

The jury rendered the verdict for the plaintiff for two thousand dollars. A number of qestions have been presented us in briefs and on the argument, but in view of the fact that the proof in the case does not disclose the circumstances existing at the time of the injury, the defendant did not meet the burden imposed by section 1985, Code of 1906, and we are not called on in this case to decide the other questions presented. It is suggested in the argument that the decisions of this court construing section 1985, Code of 1906 (section 1645, Hemingway's Code), are in conflict, and we are asked to reconcile and harmonize and explain these decisions in this case. We do not think there is any real conflict in the decisions of this court in construing this section of the Code. Each case is, of course, governed by its own facts, and the decisions of this court construing the statute were elaborately reviewed in the case of *A. & V. Ry. Co.* v. *Thornhill*, 106 Miss. 387, 63 So. 674, and in that case the following propositions are announced by the court after a review of all the decisions of this court up to that time, to wit:

"From this review of those cases, it seems reasonably clear that:

"(1) Proof of injury inflicted by the running of defendant's cars is *prima-facie* evidence of negligence, and, unexplained, entitles the plaintiff to judgment.

"(2) When the facts and circumstances under which the injury was inflicted have been ascertained, the presumption of negligence created by the statute disappears, and the defendant's negligence *vel non* must then be determined alone from such facts and circumstances.

"(3) This *prima-facie* presumption, however, is not a specific, but a general, one; that is, negligence is presumed in the doing or omission of any act that could

have reasonably caused the injury, and consequently, in order that it may be rebutted, the evidence must disclose the doing or omission of every act from the doing or omission of which an inference of negligence *vel non* could be drawn.

" (4) When the facts and circumstances are in evidence, and there is no dispute relative thereto, and it appears that only one reasonable inference can be drawn therefrom, a verdict may be directed for either the plaintiff or the defendant as the case may be.

" (5) Even though the facts and circumstances are in evidence, and although there may be no .conflict therein as to what these facts and circumstances are, unless they justify the court in directing a verdict, it is proper to charge the jury on request of the plaintiff that proof of injury by the running of the cars is *prima-facie* evidence of negligence, and on request of defendant that, since the facts and circumstances under which the injury was inflicted are known, they will determine whether or not the defendant was negligent solely therefrom without resorting to any presumption of negligence. 'Negligence is not simple fact in itself, but is rather an inference from facts.'   5 Words and Phrases, 4748.

"Ordinarily whether or not an injury was the result of a defendant's negligence depends upon the inference to be drawn from the facts and circumstances under which it was inflicted.   This statute relieves the plaintiff from proving those facts and circumstances, by providing that proof of the injury shall be *prima-facie* evidence of negligence; in other words, by providing that an inference or presumption of negligence must be drawn from the mere infliction of the injury.   Since this presumption is a *prima-facie* one, it must yield, as do all such presumptions, to the proof; that is, to the inference of negligence *vel non* proper to be drawn from the facts and circumstances under which the injury was inflicted. A presumption created only for the purpose of supplying *prima facie* an inference that might be drawn from a

fact, were that fact known, disappears, and cannot be resorted to when the fact becomes known, and thereafter such inference can be drawn only in event the fact warrants it.''

The present case is governed by the Thornhill Case above quoted from, and it follows that the plaintiff was entitled to a peremptory instruction upon liability, and, the company being liable under the facts of this record, the assignments of error bearing on liability are without merit.

We find no error on the question of the extent and measure of damage, and the judgment of the court below will be affirmed.

*Affirmed.*

COOK, J., dissents.