Hines, Director General of Railroads, *v.* McCullers.

[83 South. 734, In Banc. No. 20861.]

1. ACTION. *Action for death of wife and daughter in same accident may be joined.*

Causes of action in favor of the same plaintiff and against the same defendant, of the same nature, and subject to the same character of defense and judgment may be joined in one declaration, even though the pleas thereto may be different.

.2. SAME.

The rights of action by the same plaintiff for the benefit of the same parties to recover damages for the death of plaintiff's wife and daughter in the same accident, under Laws 1914, chapter 214 (Hemingway's Code, section 501), are of the same nature and subject to the same character of defense and judgment and may be joined in one declaration.

3. DEATH. *Contributory negligence of beneficiary does not bar recovery.*

An action under Laws 1914, chapter 214 (Hemingway's Code, sec-501, permitting recovery for death in cases where the injured person could have maintained an action, is not defeated by the contributory negligence of one of the beneficiaries, even to the extent of that beneficiary's interest.

4. Constitutional Law. *Contributory negligence rule may be changed by statute.*

Contributory negligence as a defense in an action for a tort is grounded on the common-law rule that the law will not apportion the consequences of concurring acts of negligence. This rule may be modified or abolished by statute.

5. Railroads. *Trial instructions on negligence erroneous under evidence as to negligence and causes of injury.*

An instruction as to the duty of a railroad company to maintain a highway crossing over its tracks in good condition was erroneous where the evidence did not show negligence in the maintainance of the crossing and did not contribute to the accident.

6. Railroads. *Trial. Instructions on duty to maintain warning sign erroneous under declaration and evidence as to cause of injury.*

In an action for death of a passenger in an automobile at a railroad crossing, an instruction that the failure to maintain the sign required by Code 1906, section 4050 (Hemingway's Code, section 6674), was negligence, was erroneous, where such negligence was not alleged in the declaration, and the driver of the automobile testified that she knew of the crossing and looked for an approaching train.

7. Trial. *Instructions should confine negligence authorizing recovery to negligence alleged.*

Where the declaration alleged negligence in the maintainance of the crossing and the operation of the train, instructions allowing recovery, if the railroad was negligent in any respect that approximately caused the accident were erroneous.

8. Trial. *Instructions confining negligence to that alleged does not cure instructions permitting recovery for negligence not contributory to injury.*

Giving a requested instruction to find for defendant unless the jury found it negligent for failing to ring the bell did not cure the error of instructions permitting recovery for any negligence contributing to the injury, especially those permitting recovery for acts of negligence, which the evidence showed did not contribute to the accident.

9. RAILROADS. *Prima-facie statute does not relieve plaintiff of final
   burden.*

   Laws 1912, chapter 215, Hemingway's Code, section 1645), making
   accidents caused by running trains prima facie evidence of
   negligence, merely places on the railroad company the burden
   of introducing evidence as to the operation of its trains and
   showing the circumstances' surrounding the infliction of the
   injury and after such evidence has been introduced, the burden
   then remains with the plaintiff to establish negligence by a pre-
   ponderance of the evidence.

APPEAL from the circuit court of Coahoma county.
HON. W. A. ALCORN, JR., Judge.

Suit by J. F. McCullers against Walker D. Hines as
Director General of Railroads. From a judgment for
the plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*D. A. Scott, Earl Brewer, A. W. Shands, Chas. N.
Burch* and *H. D. Minor*, for appellant.

*Maynard & Fitzgerald, J. W. Cutrer* and *Sam C.
Cook, Jr.,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an· appeal from a judgment awarding the
appellee damages for the death of two persons alleged to
have been killed because of the negligence of the
servants of the appellant. At Matson, Coahoma county,
Miss., the track of the Yazoo & Mississippi Valley
Railroad Company runs approximately north and south,
and a public road runs parallel therewith on the west
side thereof and crosses at right angles to the east side
of the track one thousand six hundred and seventy-
six feet north of Matson station. The distance from the
railroad track to this public road on the west side
thereof is from fifty-five to sixty-five feet, and at the

crossing the railroad embankment is about five feet
high. The view between the railroad track and the
public road is unobstructed from the station to the cross-
ing. On the afternoon of the 9th day of April, 1918,
an automobile driven by Miss Beatrice McCullers was
proceeding from Clarksdale over this public road to
the McCullers residence, three or four miles north of
Matson. In this automobile, in addition to Beatrice
McCullers, were her mother, Mrs. McCullers, her sister,
Francis McCullers, a Miss Stephens, and a negro nurse.
As they were crossing the railroad track the automo-
bile was struck by the engine of one of the appellant's
passenger trains going north, and all of the occupants
thereof except Beatrice were killed. The McCullers
family consisted of John McCullers, the husband and
father, Mrs. McCullers, the wife and mother, and three
daughters, Beatrice, Sydney, and Francis. This action
is prosecuted by John McCullers under chapter 214,
Laws of 1914 (Hemingway's Code, section 501), un-
der which any damages he may recover will enure
to the benefit of himself and his two children Beatrice
and Sydney. The cause was submitted to a jury, which
rendered a verdict in favor of the plaintiff for sixty
thousand dollars, and there was a judgment accordingly.

The negligence with which the appellant is charged
in the declaration is: First, in the maintenance of the
crossing; and, second, in the operation of its train
at the time of the accident. One of the appellant's con-
tentions in the court below was that this road on
which the deceased persons were traveling at the time
they were killed was not a public one, but the evidence
relative thereto was conflicting. The evidence with
reference to the condition of the crossing was that
it "had been washed off; the embankment on each
side had been washed off right smart, and it was
narrow, . . . it was a pretty steep grade, . . .

and it would take pretty good speed to get up."
Beatrice stated that "it was kind of steep, and the
crossing was rough because it had been washed out
along there; it had not been kept up any too particularly
well; not any of the roads as far as that is concerned."
And, on being asked whether the crossing was "kept up
as well as the roads are," she replied, "No; and that is
not saying very much, and the crossing is very narrow,
and I had to put all of my time to handling the car,
because it was very long and it was very heavy going
up that curve, and it occupied all my time." According
to the testimony of the appellant, which included several
photographs of the crossing, the crossing was main-
tained in good condition. The engineer of the appel-
lant's train testified that he was on the lookout when
approaching the crossing, but did not see the automo-
bile and was not aware of its presence until he felt the
engine strike it. The engineer's seat is on the right
side of the engine cab, and his view to the left is ob-
structed by the boiler of the engine to such an extent
that he could not see the rail on his left for a distance
of forty feet in front of the engine, and he could not see
the point where the road turns to cross the track after
he came within five hundred and twenty feet of the
crossing.

The fireman was engaged in putting coal in the
engine's furnace as the train approached the crossing,
and did not see the automobile until after it was
struck.

The whistle of the engine was blown just before the
train reached Matson, which station the train passed
without stopping, and the engineer and fireman testi-
fied (section 4045, Code of 1906; Hemingway's Code,
section 6669), that the bell of the engine was rung
continuously for more than three hundred yards as
it approached the crossing, as did several other wit-
nesses who saw the train as it passed. Other wit-

nesses, however, testified that they saw the train as it passed, but that the bell was not rung. The train when it passed Matson was about ten minutes late. Beatrice Mc-Cullers was skilled chauffeur thoroughly familiar with this public road, the railroad crossing, the time this train was scheduled to pass Matson, that it had not passed and was then overdue. The road was dusty, a wind was blowing, and all of the curtains of the automobile were up.  Beatrice testified that when about two hundred and fifty or three hundred yards from the crossing she looked back down the track to see if the train was approaching, did not see it, that when she reached the crossing she drove on the track without stopping, and simply "glanced once just for a fraction of a minute" through the isinglass of the curtains down the track before driving upon it, but that the dust was very bad and obstructed her view so that she could not see very far, and that she did not see the train.  The train was running about forty miles an hour when it reached the crossing, and the automobile before reaching the crossing was running about fifteen miles an hour, but when it turned to go on the track its speed was reduced to from six to ten miles an hour.  The automobile was the property of Beatrice McCullers, who was then nineteen years old.

One of the appellant's pleas was to the effect that there was a misjoiner of causes of action, to wit, one for the death of Mrs. McCullers, and the other for the death of Francis McCullers.  This plea on motion of the appellee was stricken out.  No point is made on this method of disposing of the plea.

The assignments of error bring under review, among other things:  (1) The alleged misjoinder of cause of action; (2) the refusal of the appellant's request for an instruction peremptorily charging the jury to return a verdict in his favor; (3) The refusal of the appellant's request for an instruction charging the jury not to award

a recovery of any damages that would enure to the benefit of Beatrice McCullers; (4) the refusal of the appellant's request for an instruction charging the jury not to award any damages for the death of Francis McCullers; (5) the granting of the appellee's instruction Nos. 3, 7, 14, 16, 18, 19, 20 and 23; (6) the amount of the verdict. The questions thereby raised will be considered in their order.

First. Causes of action in favor of the same plaintiff and against the same defendant, of the same nature, and subject to the same character of defense and judgment may be joined in one declaration, even though the pleas thereto may be different. Andrew Stevens, Pleadings, 356; 1 C. J. 1067; *Railroad Co. v. Hirsch,* 69 Miss. 127, 13 So. 244. It is true that this rule is subject to the qualification "that the causes of action must be in the same right." For example, a person cannot join in the same action a cause of action accruing to him individually to one accruing to him in a representative capacity. *McVey* v. *Railroad Co.* 73 Miss. 487, 19 So. 209. But such is not the case here for the cause of action sued on each accrued to the plaintiff in the same right by virtue of chapter 214, Laws of 1914 (Hemingway's Code, section, 501).

Second. One of the appellant's contentions is, and we will assume, that Beatrice McCullers failed to exercise due care to ascertain whether or not a train was approaching before she drove on the railroad track and consequently was guilty of negligence which contributed to the killing of her mother and sister. Another of its contentions, the evidence in support of which it will be unnecessary for us to set forth, is that Beatrice was driving the automobile as her father's agent.

The grounds upon which the appellant requested that a verdict be directed in his favor, as set forth in the brief of his counsel, are:

Beatrice, being guilty of contributory negligence as a matter of law and being a jont tort-feasor, cannot recover as a beneficiary by reason of two deaths, and as the right to sue on account of the death is a joint right, and not a joint and several right, Beatrice being, barred all other beneficiaries are barred. (b) The gross contributory negligence of Beatrice is imputed to her father for whom she was acting as agent, and bars recovery both by the father and by Beatrice, and also by Sydney, for whom the father was acting by virtue of the family relation.''

The right of the appellant to maintain this action is conferred and measured by chapter 214, Laws of 1914 (Hemingway's Code, 501), and the sole test therein contained of the right to maintain such an action is the right of the person injured to have maintained an action therefor had death not ensued.  *Kirkpatrick* v. *Ferguson-Palmer Co.,* 116 Miss. 874, 77 So. 803. Had Mrs. or Francis McCullers lived and sought themselves to recover of this appellant the negligence of Beatrice which may have contributed to their injury would not have barred their recovery (20 R. C. L. 158;. *Railroad Co.* v. *Davis,* 69 Miss. 444, 13. So. 693; *Railroad Co.* v. *McLeod,* 78 Miss. 334, 29 So. 76, 52 L. R. A. 954, 84 Am. St. Rep. 630); consequently her contributory negligence cannot avail the appellant here (*McKay* v. *Syracuse Ry. Co.,* 208 N. Y. 359, 101 N. E. 885; *Braun* v. *Buffalo General Elec. Co.,* 213 N. Y. 655, 107 N. E. 338; *Southern Ry. Co.* v. *Shipp,* 169 Ala. 327, 53 So. 150; *Wymore* v. *Mahaska Co.,* 78 Iowa, 396, 43 N. W. 264, 6 L. R. A. 545, 16 Am. St. Rep. 449; *Wilmot* v. *McPadden,* 78 Conn. 276, 61 Atl. 1069; *Watson* v. *Southern Ry. Co.,* 66 S. C. 47, 44 S. E. 375).

Contributory negligence as a defense in an action for a tort is grounded on the common-law rule that the law will not apportion the consequences of con curring acts of negligence. This rule may be modified

or abolished by statute (*Bowershock* v. *Smith,* 243 U. S. 29, 37 Sup. Ct. 371, 61 L. Ed. 572; Arizona Employers Liability Cases, 250 U. S. 400, 39 Sup. Ct. 553, 63 L. Ed. 1058; *Chicago, R. I. & Pac. Ry. Co.* v. *Cole,* 250 U. S. 54, 40 Sup. Ct. 68, 64 L. Ed. —), and that is what the statute here under consideration has done in so far as the contributory negligence of the persons benefited thereby is concerned.

The peremptory instruction was properly refused.

Third. For the same reason the instruction that no recovery could be had for the benefit of Beatrice was also properly refused.

Fourth. The first ground on which the appellant seeks to sustain his request for an instruction charging the jury not to award a recovery for the death of Francis is the contributory negligence of Beatrice, which has been disposed of in what we have heretofore said in discussing his request for the general charge. The second ground upon which this request is sought to be sustained is similar to the first, is governed by the same rule, and is that Francis, who was four years old, had been confided by her father on the occasion in question to the care of Mrs. McCullers; that Mrs. McCullers was negligent in permitting Beatrice to drive onto the crossing without ascertaining whether a train was approaching, which negligence must be imputed to the father and the other beneficiaries herein. The instruction was properly refused.

What we have hereinbefore said with reference to the effect of the contributory negligence of Beatrice upon the right of the appellee to recover will also dispose of other contentions of the appellant, not herein specifically referred to which are grounded thereon.

Fifth. The appellee's instruction No. 16 is as follows:

"The court instructs the jury that, if you believe from the evidence that the crossing in question was a highway, under the law in Mississippi it was the duty

of the defendant to make proper and easy grades in the highway at which the deceased were killed, so that the railroad might there be conveniently crossed, and to keep such highway in good order, and if the jury believes from the evidence that the defendant did not comply with this duty imposed upon it by the law in any respect, then such conduct on the part of the defendant was negligence, and if they believe that such negligence in any way or to any extent contributed to bring about the death of the deceased, then they will find for the plaintiff.''

The appellant's duty to keep the crossing in good order was also set forth in the appellee's third and fourteenth instructions. These instructions should not have been given for two reasons: First, the evidence will not justify a finding that the appellant was negligent in the maintenance of the crossing; and, second, if it was negligent with reference thereto it is manifest from the evidence that the condition of the crossing in no way contributed to the accident.

Instruction No. 19 is as follows:

''The court instructs the jury that, if they believe from the evidence the crossing in question was a highway, it was the duty of the defendant to cause a board to be erected and kept upon a post or frame, sufficiently high, at the highway where the deceased mother and daughter were killed, with this inscription thereon, 'Look out for the Locomotive,' or this inscription, 'Railroad Crossing,' and that under the law the said defendant is made liable to any party injured by such failure or negligence for all damages he may have sustained thereby, if such failure or negligence was the proximate cause of the injury.''

The duty of the appellant to place such a sign at the crossing was also set forth in the appellee's third instuction. It appears from the evidence that the appellant failed to maintain at this crossing a sign with the inscription thereon ''Look out for the Locomo-

tive" or "Railroad Crossing," as required by section 4050, Code of 1906 (section 6674, Hemingway's Code), and consequently, if the road was a public one, it was negligent in that respect. Nevertheless the instructions should not have been given: First, because the declaration does not count on any such act of negligence; and, second, it is manifest from the evidence that the absence of the sign in no way contributed to the accident. The purpose of the requirement that such a sign be placed at the intersection of a highway with a railroad track is to call the attention of travelers on the highway to the presence of the track and of the necessity of looking out for an approaching train. Beatrice was thoroughly familiar with this road and the railroad crossing, knew that she was about to cross the track, that the train was then over due, and in fact looked to see if it was approaching.

The negligence charged in the appellee's declaration and to which, under elementary rules of procedure, the jury should have been confined in their deliberation, is in the operation of the train and the maintenance of the crossing. There is nothing in the evidence to warrant a finding by the jury that the negligence in the maintenance of the crossing contributed to the striking of the automobile by the appellant's train, or that the appellant's engineer failed to keep a proper lookout; consequently the jury should have been confined on the question of negligence to determining whether or not the bell was rung while the engine was approaching the crossing, and not have been permitted, as they were by the appellee's seventh instruction, to find for the plaintiff "if you believe that the railroad company was negligent in any respect that proximately cause the killing;" by the fourteenth instruction if "the defendant was otherwise guilty of any intervening negligent act which operated to bring about the death of the deceased;" by the eighteenth unless "the defendant was

free from all negligence of every character which con-
tributed to bring about the injuries complained of in
plaintiff's declaration;" by the twentieth unless "the
whole proof satisfy the jury that the defendant was
entirely free from negligence in killing them;" by the
twenty-third in event "they were killed because of some
negligent act of omission or commission by the defend-
ant which was the proximate cause of, or which con-
tributed to bringing about their death."

The error in these instructions, particularly in the
sixteenth and nineteenth, was not cured by the grant-
ing of the appellant's twenty-third instruction, by which
the jury were charged to "find for the defendant un-
less they . . . believed from the evidence that the
defendant failed to ring the bell for three hundred yards
before entering upon the crossing, and that this failure
alone was the proximate cause of the injury."

The appellee's instructions Nos. 18 and 20 are as
follows:

"(18) The court instructs the jury that, while the
burden of proof is upon the plaintiff in this case to make
out his case in order to entitle him to a verdict at the
hands of the jury, this does not mean that the plaintiff
must prove that the defendant was guilty of any negli-
gence whatsoever which brought about or contributed
to the death of Mrs. McCullers and her daughter John
Francis McCullers. The law presumes that the defend-
ant was guilty of negligence and negligently and wrong-
fully produced their death from the mere fact of their
being killed by the operation of the engine No. 1949, and
the jury will return a verdict for the plaintiff unless the
defendant has explained all the facts and circumstances
surrounding the killing, including evidence of the man-
ner in which the defendant operated the said engine and
train, and such facts satisfy the jury that the defend-
ant was free from all negligence of every character
which contributed to bring about the injuries com-

plained of in plaintiff's declaration, and, unless the jury
are so satisfied from the evidence that the defendant was
free from all negligence in the killing of the deceased,
then the jury will find a verdict for the plaintiff.''

''(20) The court charges the jury that the fact that
Mrs. Sidney Montroy McCullers, and her infant daugh-
ter, John Francis McCullers, were killed by the run-
ing of the locomotive and train of the defendant, is
prima-facie evidence of negligence on the part of the
defendant, and they will find a verdict for the plaintiff,
unless the whole proof satisfies the jury that the defend-
ant was entirely free from negligence in killing them.''

The appellee is not entitled to recover from the ap-
pellant unless the death of Mrs. and Francis McCullers
was caused by the appellant's negligence, and the bur-
den of proving this fact was on the appellee. Because of
the provisions of chapter 215, Laws of 1912 (Heming-
way's Code, section 1645), the appellee met this burden
when he proved that Mrs. and Francis McCullers were
killed by being struck by one of the appellant's engines,
whereupon, in order to meet the presumption of negli-
gence raised by the statute, it devolved upon the ap-
pellant to prove all of the facts and circumstances sur-
rounding the infliction of the injury from which an in-
ference of negligence *vel non* of the character counted on
in the declaration could have been drawn, and in event it
failed to prove these facts and circumstances, or the jury
should have been unable for any reason to determine
from the evidence what these facts and circumstances
were, the presumption of negligence created by the stat-
ute would have prevailed, and the verdict should have
been for the appellee. But it is not the law that, when
the facts and circumstances of an injury have been ex-
plained by the defendant by evidence which the jury be-
believe to be true, the jury must find for plaintiff unless
such facts and circumstances ''satisfy the jury that the
defendant was free from all negligence . . . which

contributed to the injury" or "unless the whole proof satisfies the jury that the defendant was entirely free from negligence." On the contrary, when the facts and circumstances have been proven, or have been found by the jury when the evidence relative thereto is conflicting, the presumption of negligence raised by the statute disappears, and the liability of the defendant must then be determined from the evidence, and the jury should find for the defendant, unless it appears from the evidence that he was guilty of negligence which caused the plaintiff's injury. This rule was reversed by the instruction here under consideration and a burden was thereby placed on the appellant, which, under the law, should have been borne by the appellee. Any extended discussion of this prima-facie statute would seem to be unnecessary, for the effect thereof has been fully set forth in numerous decisions of this court, particularly in *Railroad Co.* v. *Thornhill,* 106 Miss. 387, 63 So. 674, *Railroad Co.* v. *Daniell,* 108 Miss. 369, 66 So. 730, and *Railroad Co.* v. *Gray,* 118 Miss. 612, 79 So. 812.

Sixth. Since the judgment of the court below must be reversed because of the errors therein hereinbefore pointed out, it will not be necessary for us to determine whether or not the verdict is excessive.

*Reversed and remanded.*

COOK, J., dissents.