DAVIS, Director General of Railroads, *v.* MCCULLERS.

Division B. July 2, 1923.

[97 South., 8. No. 23399.]

JUDGMENT. *Order setting aside cancellation and satisfaction of judgment held erroneous.*

Where the plaintiff in a case for personal injury against the Director General of Railroads obtains a judgment, and where another suit is pending for personal injuries growing out of the same transaction, and a compromise is reached in settlement of all of the litigation, and the amount understood by one of the parties to the settlement to be due is paid over, and a receipt in full satisfaction of the judgment is signed by the other parties, and a certificate of satisfaction and cancellation is given, and where a copy of the judgment rendered is attached to the receipt, but not read by the other party, and where the *status quo ante* cannot be restored, it is error for the court having jurisdiction of the suit to sustain a motion to set aside the satisfaction and cancellation and restore the judgment to its original force with credit of amount paid.

APPEAL from circuit court of Coahoma county.
HON. W. A. ALCORN, Judge.

Action by J. F. McCullers against Jas. C. Davis, Director General of Railroads. Order setting aside a satisfaction and cancellation and restoring to force a judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Charles N. Burch, H. D. Minor,* and *Shands, Elmore & Causey,* for appellant.

This is not a case of mutual mistake as to fact. The plaintiff, having by inadvertence or lack of care, and without fault of the defendant, placed the defendant in a position where a valuable right of the defendant has been lost, should not now be allowed to set aside the satisfaction of a judgment when defendant's right to have a review of that judgment has long since lapsed.

A party in whose favor a judgment has been rendered, and who knows that such judgment has been rendered, will be presumed to know all of the details of said judgment which a diligent inquiry would disclose. Pomeroy in his work on Equity Jurisprudence, sections 856 and 1448, page 3438; *Comans* v. *Tapley,* 101 Miss. 203; Story, Equity Jurisprudence, section 151; R. C. L., section 303.

The authorities are quite fully collected in *Piano Mfg. Co.* v. *Thompson* (S. C.), 112 N. W. 149, reported with annotations in 11 L. R. A. (N. S.), page 396.

*Maynard, FitzGerald & Venable,* for appellee.

There is no question open for decision in this court. The court below having decided this case on the submission of all of the facts, the appellant is precluded. A finding of the court on disputed fact will not be disturbed by supreme court. *Winner* v. *Williams,* 82 Miss. 669; *Kelly* v. *Miller,* 39 Miss. 17; *Robertson* v. *Cloud,* 47 Miss. 220; *Mobile, etc., Railroad Co.* v. *Campbell,* 114 Miss. 803; *Northern Assurance Co.* v. *Newman Lumber Co.,* 105 Miss. 688; *Kemp* v. *Thurman,* 104 Miss. 501; *Golden* v. *Bank of Lake,* 66 So. 782; *Brooks-Scanlon Co.* v. *Stogner,* 114 Miss. 736; *Wall* v. *Darby,* 94 So. 465, on Suggestion of Error overruling same case, 95 So. 791.

Counsel makes the point in his brief that the appellee has not tendered the twenty-five thousand nine hundred and twenty-four dollars and seven cents which was received. But we also notice that the director general has made no statement that he will be glad to reinstate the

case of Beatrice McCullers which has already been dismissed. The case of *Smith* v. *Railroad Company,* 112 Miss. 878, quoted by counsel is not in point for the reason that in that case there was a compromise of the amount of damages by plaintiff and another suit filed thereafter in the circuit court for the same damages and not for failure to employ. In this case which is before the court, we do not deny the execution of the agreement. We do not say that the agreement is void. We simply say that they have not paid us all that they agreed to pay. A receipt can always be disputed, and that is simply what this is, as stated by Freeman on Judgments, 478a, 4th Edition. We do not claim that the receipt is void or voidable but simply that we have not received all that was agreed upon in return for the dismissal of the case of Beatrice Mc-Cullers. And the judge to whom the facts were all submitted having decided the matter, there is very little for this court to pass upon. We respectfully submit therefore that this cause should be affirmed and that execution should issue for the payment of the unpaid interest.

Argued orally by *H. D. Minor,* for appellant and *Gerald Fitzgerald,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

On the first appeal of this case the judgment was reversed and the cause remanded for a new trial. *Hines* v. *McCullers,* 121 Miss. 666, 83 So. 734. On the reversal and remand of the case to the circuit court, there was a second trial, with a verdict in favor of plaintiffs against the director general for fifty thousand dollars; which cause was appealed, and an affirmance with a remittitur of twenty-five thousand dollars was entered on July 11, 1921, on which date the following order was entered here:

"This cause having been submitted on a former day of this term on the record herein, from the circuit court of Coahoma county, second district, and this court having

sufficiently examined and considered the same, and being of the opinion that the judgment is excessive, doth order and adjudge that, if appellee will remit the sum of twenty-five thousand dollars, the judgment of said circuit court will be affirmed for twenty-five thousand dollars, and appellees having now, here in open court, entered a remittitur for said sum of twenty-five thousand dollars, it is ordered and adjudged that the judgment of said circuit court rendered in this cause at the May term, 1920, on the 29th day of May, 1920, be and the same is hereby affirmed for the sum of twenty-five thousand dollars, and that appellees do have and recover of appellant said sum of twenty-five thousand dollars as well as interest on the amount of said judgment from May 29, 1920, until paid, at the rate of six per cent. per annum, and also the costs of this cause in the court below, and that appellees do pay the costs of this appeal to be taxed."

Thereafter a suggestion of error was filed and overruled, and in September, 1921, negotiations were enterd into, looking to a compromise and settlement of this judgment, and a settlement or agreement was reached on September 6, 1921. At the time of this settlement in negotiations, it is said that the defendant was preparing to get a review of the case in the supreme court of the United States, and under the practice of that court an application must be made within a limited time. After discussing the matter with counsel for the plaintiffs, one of the attorneys for the defendant in that cause wrote a letter setting forth his understanding of the settlement, which agreement was not reduced to writing. And thereupon a voucher for twenty-five thousand nine hundred and twenty-four dollars and seven cents was issued by the director general and was turned over to the complainants and their attorneys, who signed a receipt in full, on account of the judgment rendered, including interest, to which receipt was attached a copy of the declaration, the pleadings, and certified copy of the judgment of this court, and the money was collected and distributed among the complainants,

and the suit of *Beatrice McCullers* v. *Director General* for a personal injury growing out of the same transaction was dismissed, as had been agreed to in the negotiations and settlement. At the time of delivering the voucher and signing the receipt, a satisfaction of judgment on the record was entered, and a certified copy turned over to the director general. A few days after this transaction of the delivery of the check and the signing of the receipts, the mandate of the supreme court was sent to the circuit court, and then attorneys for plaintiff discovered that the judgment entered on July 11, 1921, bore interest from the 29th day of May, 1920, instead of the 11th day of July, 1921. Thereupon the attorney or the plaintiff wrote the attorneys for the director general demanding a check for the amount that would make the difference between the twenty-five thousand dollars, with interest from May 29, 1920, and the amount of the voucher, which was calculated on a basis of from July 11, 1921; which the director general refused to pay. Whereupon a motion was filed in the circuit court to set aside the cancellation and satisfaction of the judgment, so that the judgment would stand on record unsatisfied, but only credited with the amount paid as above stated. Upon the hearing of this motion the attorneys conducting the negotiations on both sides testified, and they had conflicting understandings as to what the settlement was. The attorneys for the appellees testified that their understanding was that the director general was to pay the judgment of the court affirmed on July 11, 1921, and which was to be accepted in full settlement not only of this cause, but of the case of *Beatrice McCullers* v. *Director General,* pending in the circuit court. That none of the parties had seen the mandate of this court or the judgment of this court. The testimony of the attorney for the director general conducting the negotiations was that it was his understanding that the amount of the judgment with interest from the date of rendition was to be embraced in the settlement.

It appears in the evidence of the appellant without dispute that, at the time the receipt was signed and the voucher delivered to the plaintiffs, a copy of the pleadings and judgment of this court was attached to the receipt, and that the receipt provided that it was a payment of the judgment including interest, to quote from the receipt:

"In full settlement, discharge, and satisfaction of the judgment and the cost (including interest, if any,) rendered in favor of the plaintiff in the case of *J. F. McCullers et al.* v. *Jas. C. Davis, Director General of Railroads and Agent of the United States* in the supreme court of the state of Mississippi on or about July 11, 1921."

The circuit judge sustained the motion, and entered an order directing the setting aside and the cancellation of the order of satisfaction of the judgment entered on the records, and leaving the judgment in force, as though such entry of satisfaction had not been made.

We have given careful consideration to the case and are of the opinion that the circuit court erred in setting aside the order of cancellation and satisfaction of the judgment rendered. It would be impossible to restore the *status quo.* The director general could not at this time bring an action to review the judgment of this court, and consequently has lost that right, whatever it might be worth, which we, of course, could not say with any certainty. In the second place, at the time of the closing of the transaction, the delivery of the check and payment, and the signing and delivery of the receipts, the proof shows that the judgment of this court showing exactly what was decided was among the papers, and was subject to inspection. And if the plaintiffs and their counsel did not inspect the papers that was no fault of the director general, and as the receipt given, including the entry of satisfaction on the judgment roll, was founded in a contractual settlement, in which valuable considerations passed between the parties, the settlement cannot now be set aside.

For the reasons indicated the judgment of the court

below will be reversed, and an order entered here over-ruling the motion.

*Reversed and judgment here.*