GENERAL ACC. FIRE & LIFE ASSUR. CORPORATION, LIMITED, OF PERTH, SCOTLAND, v. MORGAN et al.

Civ. No. 181.

District Court, W. D. New York.

Nov. 24, 1939.

Gibbons, Pottle & Pottle, of Buffalo, N. Y., for plaintiff.

H. B. & B. H. Butterfield, of Buffalo, N. Y., for defendant Alfred C. Morgan.

Walter F. Hofheins, of Buffalo, N. Y., for defendant Russell P. Sackett.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y., for defendant Lehigh Valley R. Co.

KNIGHT, District Judge.

This action has been brought to obtain a declaratory judgment respecting the rights of the plaintiff under a policy of insurance issued by the General Accident Fire & Life Assurance Corporation, Ltd., of Perth, Scotland, to Herbert I. Sackett. On January 2, 1939, Herbert I. Sackett, Kathleen Sackett, his wife, and Susan B. Sackett, their infant child, were killed in an accident as a result of a collision between an automobile in which they were riding and a train operated by the defendant Lehigh Valley Railroad Company. On April 23, 1938, there was issued to Herbert I. Sackett an automobile liability policy of insurance obligating the insurer to pay all sums that the insurer should become obligated by law to pay because of bodily injuries, including death, sustained by any person caused by accident or arising out of the ownership of a certain automobile. This policy was in force at the time the aforesaid individuals were killed, and it covered the automobile which was in collision.

Prior to the institution of this action, there was brought and is now pending in the Supreme Court in New York State an action by defendant herein, Alfred C. Morgan, as Administrator of the goods, chattels and credits of Kathleen Sackett, deceased, against defendants, Russell P. Sackett, as Administrator of the estate of Herbert I. Sackett, deceased, and Lehigh Valley Railroad Company. This latter suit is brought to recover damages on account of the death of Kathleen Sackett caused by the joint negligence of Herbert I. Sackett and the Lehigh Valley Railroad Company. Issue has been joined in the suit of the state court.

A motion is now made by the plaintiff upon the pleadings and certain affidavits for a summary judgment in this suit for a declaratory judgment, upon the ground that there are no genuine issues as to any material fact and that the plaintiff is entitled to judgment as a matter of law.

■ This court has jurisdiction to entertain this suit for a declaratory judgment. There is an actual controversy between the plaintiff and the defendants, and the amount in controversy, exclusive of interest and costs, is more than $3000. Section 274d, Judicial Code, 28 U.S.C.A. 400; Rule 57, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c.

Considering the issues, the parties and legal questions involved, suit for a declaratory judgment is amply warranted, and the court in the exercise of its discretion should entertain it. Automotive Equipment Inc. v. Trico Products Corp., D.C., 11 F.Supp. 292; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514; Anderson v. Aetna Life Ins. Co., 4 Cir., 89 F.2d 345; Columbian National Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560; Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321.

The question of notice is not an issue in the state court suit, and is not determinable therein. The question of notice is fundamental in determining the ultimate liability of this plaintiff.

■ As to the motion for summary judgment, it is thought that it should be denied and the issues tried and determined through the usual procedure. There is a genuine issue as to a material fact, that is whether any notice of the accident was given the plaintiff. This is raised by the pleadings. Further, the affidavit of Mr. Hofheins recites that he notified plaintiff's general agent of the accident by telephone within a week after the accident, that he informed the agent that no policy had been found, and being told that the policy was in effect, he was also told that no further notice or statements of the facts regarding the accident were necessary; and that relying on such assurance no written notice was given. Plaintiff denies that any notice of the accident was received in any form and has presented affidavits of all employees of the agency to establish this.

For the purpose of assessing the damages and of distribution, should the defendant Morgan recover a judgment, it will be necessary to determine which of the three killed in the accident survived,

or in other words, the sequence of their deaths, which is a question of fact.

It is thought that the best interests of the parties are served by prosecuting the action in the state court in the first instance. Questions presented in this suit can be determined subsequent to the event of the state court action. In the event it is determined that the suit in the state court is not maintainable, as against the estate of the husband, or in the event that no recovery is had, as against the husband's estate, plaintiff will have no liability. Again, the fact that the death of the spouse was caused by the husband's negligence, and that he, if living, would be the sole beneficiary, would not prevent a recovery, as against the railroad as joint tort feasor. McKay v. Syracuse R. T. R. Co., 208 N.Y. 359, 101 N.E. 885; Braun v. Buffalo G. E. Co., 213 N.Y. 655, 107 N.E. 338.

Nothing has been said hereinbefore about any possible action in favor of the child as against the father's estate, as bearing on this motion. The policy provision covers only "liability imposed upon him (insured) by law." The child, if living, would have no cause of action; therefore her representative would have none.

The motion for summary judgment is denied.