DAVIS, DIRECTOR GENERAL OF RAILROADS, *v.* TEMPLE.

[91 South. 689. No. 22531.]

1. RAILROADS. *Contributory negligence of automobile passenger held for jury.*

Where the plaintiff and another, who were riding together in an automobile and were injured at a railroad crossing by a moving

train, testify that they slowed down, looked, and listened for a train, and that there was no bell ringing or whistle blowing. that they did not· see the approaching train until it was within a few feet of them, and that their view was obstructed by a box car which they did not know was there until the happening of the accident, and also testify that the train was running at a greater rate of speed than allowed by law, the defendant is not entitled to a directed verdict, even though the witnesses for the defense are more numerous and it appeared probable that the plaintiff and witness could have seen the train and heard the bell if they had been giving attention. Conflicts in the evidence are for the decision of the jury.

2. RAILROADS. *Instruction on statutory presumption of negligence held erroneous.*

It is error to charge the jury for the plaintiff in a personal injury suit that the *prima-facie* statute, section 1985, Code of 1906, Hemingway's Code, section 1645, raises a presumption of negligence from the infliction of injury by a running train unless the facts surrounding the injury are proven, "and as proven must show that the defendant was guilty of no negligence in connection with the injury," and that if "the jury is left in doubt as to any of the facts and circumstances, or are unable from the evidence to determine with reasonable certainty all of the facts and circumstances attendant upon the injury either because of the lack of evidence, or the conflict in the evidence, then, and in that event, the presumption of negligence created by the statute prevails and the plaintiff is entitled to the benefit thereof." Where the facts are shown in evidence either by the plaintiff or the defendant, the liability must be determined from the facts. And if there is a conflict of evidence as to the facts so shown, the jury must decide the conflict as in other cases.

APPEAL from circuit court of Coahoma county.

HON. W. A. ALCORN, Judge.

Action by William A. Temple against James C. Davis, Director General of Railroads, etc. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Chas. N. Burch, H. D. Minor, F. H. Montgomery* and *J. W. Crisler,* for appellant.

*O. G. Johnston* and *J. C. Wilson,* ·for appellee.

ETHRIDGE, J., delivered the opinion of the court.

Temple, the appellee, brought suit against the Director General of Railroads for an injury inflicted upon him on the 9th day of January, 1920. He alleges that on the evening in question he was riding in an automobile as the guest of one Baker, the owner of the automobile, in the city of Clarksdale, and going down Leflore avenue crossed several tracks of the Yazoo & Mississippi Valley Railroad Company, crossing the main tracks before crossing the one on which the injury occurred, known as the Tallahatchie Branch, the automobile was almost immediately struck by the train after it was seen by plaintiff, and the plaintiff was thrown from the automobile and one of his cervical vertebrae dislocated and fractured, resulting in much pain and suffering and in permanent injuries. The declaration alleges that the driver of the automobile was exercising due care; that the railroad train was being run at an unlawful and improper rate of speed in the city of Clarksdale; that the statutory signals for crossings were not given by those in charge of the train; that the passenger train which inflicted the injury was running late; that there was no flagman or watchman at the crossing, and no bell or other device for warning passengers about to cross at said place; that plaintiff was exercising due and reasonable caution; that he was thirty-one years of age, earning two hundred dollars per month, and that by reason of his injuries his earning capacity has been seriously impaired; that he incurred large bills for medical attention, hospital fees, etc.; and that he has suffered great pain and is permanently injured. The defendant filed a plea of the general issue and set up contributory negligence on the part of the plaintiff and on the part of the driver of the automobile.

The proof for the plaintiff shows that plaintiff and Baker were driving south on Leflore avenue, and when they approached the tracks of the railroad company the automobile was slowed down to a speed of eight or ten miles

an hour, and that they looked and listened attentively and heard no bell or whistle and did not see the approach of the train until within ten or fifteen feet thereof, when the light from the headlight came around the box car on the side track, flashing upon them.   Plaintiff's witnesses testified that the train was clearly exceeding the six miles an hour speed limit for municipalities.   They also testified as to the cars on the side track, and that the plaintiff and the driver of the automobile neither knew that said box car was in said situation prior to entering upon the crossing. The train crew, consisting of the engineer, flagman, and porter, and some others, testified that the train was being operated at a rate of speed of from four to six miles per hour.   The engineer did not see the plaintiff nor the automobile until his attention was called to it by the flagman. The flagman testified that the bell was ringing and the whistle had been blown for the station; that the bell had been ringing since the train entered the corporate limits. The engineer also testified that the engine was equipped with an automatic bell which was set to ringing when the train entered the corporate limits of Clarksdale, and that the engine was also equipped with an electric headlight. When the plaintiff and Baker crossed the main line, they testified that they looked and listened; that their faculties were normal, and that they heard no bell, whistle, or other noise of that character in the vicinity; that the distance between the main line track and the track where the injury was inflicted was about seventy feet.   When the automobile was struck by the engine, it was turned around, and the plaintiff thrown therefrom, resulting in the injury sued for.

It is contended by the appellant that it should have had a peremptory instruction on the facts in evidence, and counsel for appellant say:

"It is true, as already shown, that the plaintiff and Baker testified that they approached the crossing looking carefully to the right and to the left and at a speed of eight or ten miles an hour, and that they did not see and

did not hear the approach of the train. However, this evidence is so opposed to the overwhelming weight of the evidence in this case, and the physical facts and conditions, that it must be disregarded and cannot be accepted as evidence at all," relying upon the case of *M. & O. R. R. Co.* v. *Bennett* (Miss.), 90 So. 113, as authority for this position.

We do not think the facts in the present case warrant the application of the rule announced in the *Bennett case,* supra. The rule has often been announced in this court that conflicts in the evidence are to be settled by the jury or other triers of fact. The testimony of one witness may be entitled to more credence than the testimony of many others, where the witness has had the opportunity to know the facts he is testifying about, and has sufficient probity of character to convince the trier of facts of the truth of his statements. It often appears to a judge of an appellate court getting a view solely from the printed page that the jury has found wrongly, but the judge here has not the same opportunities for weighing the credibility of the testimony as the judge and jury below have. We recognize that the jury can see the witnesses, know of their appearance and candor, see something of their demeanor, and know something of their character, and are thus better able to settle questions of facts than the judges of this court, who only get the evidence from the printed page. If it were permissible for us to decide questions of veracity solely upon doctrines of probability as they appear to us from the printed record, free from any rule of law, we might sustain the contention of the appellant; but we recognize that a man of great probity might outweigh in the scale of probability the testimony of numerous others testifying to contrary facts who are unworthy of credit and whose very appearance may convince the jury of their utter unreliability. There is no better system of determining facts than to have the concurring judgment of twelve men of different vocations and stations in life exercising the powers of common sense and concurring in a

unanimous conclusion. Long experience and observation of juries and jury trials convince us that the safest course is to rely upon the verdict of the jury where the law is fairly given to the jury and when there are no errors in admitting or rejecting evidence or the instructions bearing on the issues in the case. The rule applicable to this case is stated in *Hines* v. *Moore*, 124 Miss. 500, 80 So. 1, which lays down the general rule with reference to conflicts in the evidence and the function of the jury. The substance of this rule has been announced in many holdings of this court.

The appellant assigns for error numerous instructions given for the plaintiff. We will first notice instruction No. 4, which reads as follows:

"The court instructs the jury that the burden of proving that the injury complained of was due in whole or in part to the negligence of the defendant is on the plaintiff. The court further instructs the jury that the plaintiff has met this burden when he has proved that he was injured by being struck by one of the defendant's locomotives, since the law raises a presumption of negligence on the part of the defendant when it is proved that an injury has been inflicted by the operation of one of its locomotives, and in order for the defendant to meet this presumption of negligence and to escape liability for damages, the facts and circumstances attending upon the infliction of the injury must be proven and as proven must show that the defendant was guilty of no negligence in connection with the infliction of the injury, for if, when proven, the facts and circumstances attendant upon the injury disclose negligence on the part of the defendant which contributed to the injury, then under such circumstances the defendant is liable in damages and, on the other hand, if after considering all of the evidence the jury is left in doubt as to any of the facts and circumstances, or unable from the evidence to determine with reasonable certainty all of the facts and circumstances attendant upon the injury, either because of the lack of evidence or the conflict of evidence, then, and

in that event, the presumption of the negligence created by the statute prevails, and the plaintiff is entitled to the benefit thereof. The presumption of negligence raised by the statute disappears only when all attendant facts and circumstances are proven or are found by the jury when the evidence relative thereto is conflicting."

The above instruction as given is without italics. We have emphasized features of the instruction that make it an erroneous announcement of the law. The instruction as given has been condemned in substance in *Davis, Director General, v. Elzey,* 126 Miss. 789, 88 So. 630; *Hines* v. *McCullers,* 121 Miss. 677, 83 So. 734; *Railroad* v. *Daniell,* 108 Miss. 369, 66 So. 730; *Railroad* v. *Gray,* 118 Miss. 612, 79 So. 812.

As held in *A. & V. Ry. Co.* v. *Thornhill,* 106 Miss. 387, 63 So. 674, the presumption created by the *prima facie* statute is a general one and remains in the case until the facts are proven, but the statute was not designed to free the jury from the duty of deciding the conflicting evidence as to what the real facts are, but such conflicts of evidence must be determined by the jury as any other conflict of fact, and, when the facts are proven or appear in evidence, it is not necessary that they should exonerate the defendant from negligence. If the facts are in evidence and do not speak negligence, or if the jury cannot find from the facts that there was negligence, the plaintiff must fail in his action. If the jury are in doubt as to whether the facts have been disclosed, then in that case the burden is on the railroad to make the facts appear; but when the railroad produces the facts, or when they are produced in evidence by either party, the liability must be determined from the facts and not from the statute. The jury has no arbitrary right to disregard the proof and render a verdict under the statute. The witnesses, in the absence of impeachment or contradiction, are presumed to speak the truth, and it is the duty of the jury to consider and give credence to evidence where it is not contradicted, where the witness is not impeached, or where it is not in-

herently improbable. Where the defendant's version of the facts are disputed by the plaintiff, then the duty devolves upon the jury to determine the truthfulness of the testimony. They cannot sidestep this duty by invoking the statute in such cases: Of course, where the facts are fabricated and where the proven facts conflict with the physical facts and laws of nature, it is for the jury to say whether the facts have been made to appear, and if they have not, of course the statute applies, but when the facts do appear the jury must decide liability from the facts and not from the statute.

The judgment of the court will have to be reversed for the giving of this instruction. There are numerous other instructions complained of by the appellant; but, as the case must be reversed, for the giving of instruction No. 4, we will not deal with these several assignments in detail, but will call attention to the fact that plaintiff's instructions Nos. 3, 14, and 22 should be redrafted and modified on a new trial. As the case must be reversed for another reason, we will not deal with an assignment with reference to the verdict being excessive.

*Reversed and remanded.*