Columbus & G. Ry. Co. *v.* Fondren.*

(Division B. Nov. 22, 1926.)

[110 So. 365. No. 25969.]

Railroads. *Instruction relative to inference of negligence of railroad under statute held error, where testimony showed how crossing accident occurred.*

In suit for injuries when automobile in which plaintiff was riding was struck by a train at public crossing, instruction under *prima-facie* negligence statute relative to inference of negligence against railway company *held* error, where testimony fully explained how injury occurred.

*Corpus Juris-Cyc. References: Railroads, 33Cyc, p. 1134, n. 9.

Appeal from circuit court of Oktibbeha county.
Hon. J. I. Sturdivant, Judge.
Suit by T. L. Fondren against the Columbus & Greenville Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Reporter's Note:—Elaborate briefs by *Owen & Garnett, Will E. Ward* and *A. F. Gardner,* for appellant and *Daniel & Greene,* for appellee, raised no new point of law. Pertinent decisions cited by counsel, are listed in the court's opinion.

Argued orally by *T. C. Garnett,* for appellant.

Holden, P. J., delivered the opinion of the court.

The Columbus & Greenville Railway Company appeals from a judgment for two thousand dollars in favor of T.

L. Fondren as damages for personal injuries received by him on account of being struck by a passenger train at a public crossing in Moorhead, while riding in a Ford coupé with three other persons.

Appellant urges several grounds for reversal, but we shall notice only one, and that is, whether or not the court erred in giving plaintiff certain instructions on our *prima-facie* negligence statute, which will result in a reversal, and the other questions may not arise on a new trial.

The facts of the case, so far as they are pertinent to a decision, are that appellee, Fondren, and three other young men were riding in a Ford coupé on the public road running parallel with the railroad, and when they reached a public crossing in Moorhead and attempted to cross the track just ahead of an approaching passenger train going in the same direction that appellee had been traveling before reaching the crossing, they were struck by the train, and appellee was seriously injured, for which he brought this suit.

There were many witnesses who testified in the case with reference to whether the bell was ringing and the whistle blowing as the train approached the crossing. There was a conflict in the testimony as to whether the statutory crossing signals were given by the engineer; there was also conflict in the testimony as to the condition of the crossing where the automobile was struck. The testimony of the witnesses in the case fully explained how the injury occurred, and it was the duty of the jury to pass upon the issues of fact under the conflicting testimony given and decide from the testimony alone whether or not the railroad company was guilty of negligence in striking appellee at the crossing.

In this state of case, the court granted the plaintiff three instructions on our *prima-facie* negligence statute, which read as follows:

(1) "The court instructs the jury for the plaintiff that if you believe from the testimony that plaintiff was

injured by the running and operating of a train of the defendant, then, under the law, the establishment of this proof is *prima-facie* evidence that the injuries received by plaintiff were sustained as a result of the negligence of the defendant in the operating of its train.''

(3)  ''The court charges the jury that where there is a conflict as to the facts and circumstances under which the injury was inflicted, and you are undecided from the evidence as to the true facts surrounding the injury, or if you are unable to say, after hearing all the testimony, just how plaintiff was injured in this case, then you have a right to infer that the injury inflicted on plaintiff in this case was because of negligent running of the train of defendant company, in which case you should render a verdict in favor of plaintiff.''

(5)  ''The court further charges the jury for the plaintiff that while proof of the injury to plaintiff by the running and operation of the train of defendant is *prima-facie* evidence that the same was the result of negligence of defendant, yet when you have heard all the facts and circumstances, if you can determine from such facts and circumstances whose negligence, carelessness, etc., was the cause of the injury, then this presumption of carelessness must yield to the facts, and you must decide the case upon the facts and not upon the presumption.  However, if there is such a conflict of facts and theories between the testimony of plaintiff and the testimony of defendants as to prevent you from being able to determine how the injury was inflicted, then you may apply this inference of negligence against the railway company and render a verdict for the plaintiff.''

We think the court erred in granting the instructions for plaintiff on the *prima-facie* negligence statute, for which error the judgment must be reversed.  As stated, numerous witnesses testified as to how the injury occurred; and, while there was a conflict in the testimony as to how it happened, the jury had before it the testimony fully explaining how the injury occurred, and it

was the duty of the jury to decide the issue of negligence or not from the proof in the case, and not from the presumption of negligence under the *prima-facie* statute. These instructions should not have been given, and we do not find any other instructions on this phase of the case which would cure the error or render the erroneous instructions harmless in the case.

We see no use in again discussing this *prima-facie* negligence statute. The rule laid down in *G. M. & N. R. R. Co.* v. *Brown,* 138 Miss. 39, 102 So. 855.; *Davis* v. *Temple,* 129 Miss. 6, 91 So. 689; *G. M. & N. R. R. Co.* v. *Arrington* (Miss.), 107 So. 378; *Davis* v. *Elzey,* 126 Miss. 789, 88 So. 630, 89 So. 666; *A. & V. Ry. Co.* v. *Thornhill,* 106 Miss. 387, 63 So. 674; *Ala. Gr. So. R. R. Co.* v. *Daniell,* 108 Miss. 358, 66 So. 732; *Owen* v. *I. C. R. R. Co.,* 77 Miss 142, 24 So. 899—seems to us to be clear and definite, and must be followed in such cases. In *G. M. & N. R. R. Co.* v. *Arrington, supra,* in which the question of whether or not the court erred in granting a *prima-facie* negligence instruction where the testimony explained how the injury occurred, the court said:

"This instruction ought not to have been given because the testimony in the case sufficiently explains every material fact connected with the infliction of the injury, and clearly shows how the injury occurred; therefore it was error to tell the jury that 'the burden is upon the defendant to "exculpate" itself from any and all negligence.' . . . But we shall say just one more thing in connection with this statute, and that is that, after it has served its purpose in the trial by compelling the railroad [company] to explain how the injury occurred, then the question of negligence or not is to be decided from the facts in the case."

And again, in the *Brown case, supra,* this court said: "Where the facts are in evidence, the jury must determine the negligence or lack of negligence from the evidence and not from the statute."

"Where the defendant's version of the facts is dis-puted by the plaintiff, then the duty devolves upon the jury to determine the truthfulness of the testimony; they cannot sidestep that duty by invoking the statute in such cases."

In view of the conclusion reached, the judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*