YAZOO & M. V. R. Co. *v.* GORE.*

(Division B. June 11, 1928.)

[117 So. 521. No. 27071.]

146

*Corpus Juris-Cyc. References: Railroads, 33Cyc, p. 1129, n. 73; p. 1131, n. 93; Trial, 38Cyc, p. 1872, n. 32; On the general rule that testimony of juror is incompetent to impeach their verdict, see 27 R. C. L. 896; 5 R. C. L. Supp. 1485; 6 R. C. L. Supp. 1673; 7 R. C. L. Supp. 959.

*H. D. Minor, Chas. N. Burch, C. H. McKay* and *Lowrey & Lamb,* for appellant.

*Gore & Gore* and *J. D. Stone,* for appellee.

Argued orally by *H. D. Minor,* for appellant, and *W. E. Gore* and *J. D. Stone,* for appellee.

PACK, J. Dr. H. D. Glass, of Quitman county, instituted suit against appellant railroad company for an alleged injury sustained at a railroad crossing in Clarksdale; it being claimed that the doctor's car was struck by a train backing over said crossing.

Suit was filed in May, 1926, and came on for trial at the June term thereafter. The case was submitted to the jury, who, after mature deliberation, reported to the court its inability to agree upon a verdict, whereupon the court discharged the jury.

On the following day appellant presented to the court a motion to enter a verdict in its favor, alleging as ground therefor that shortly after retiring to their room nine of the jurors agreed upon a verdict for the railroad company, but did not know that a verdict could be reported upon the agreement of nine jurors. Among the instructions was one to the effect that, if as many as nine jurors

agree upon a verdict, it could be reported as the verdict of the jury. The motion was accompanied by the affidavit of nine jurors setting forth the above facts. The jurors signing the affidavit were called to the witness stand for cross-examination by counsel for plaintiff, and testified without objection. There was conflict as to whether, in fact, they ever actually agreed upon a verdict for defendant railroad company. We find in their testimony, as to why a verdict was not returned, such expressions as, "If we had known, we would have;" "we did not know that nine could;" "they didn't know the law on it." One juror said, "At one time two of the jurors were willing to give a verdict either way, and were that way throughout their deliberation." Another said they did not reach any agreement in the jury room, but stood nine to three both times when they reported to the court, but that fact was not made known to the court.

The presiding judge took the matter under advisement, and at the next term of court overruled the motion of defendant, which left the case standing as a mistrial.

Subsequently, Dr. Glass died, and Mrs. T. N. Gore was appointed administrator of his estate. Revivor was had in his name, and the case was again put to trial, resulting in a verdict for plaintiff. A special bill of exceptions setting out the foregoing proceedings was duly signed and made a part of the record.

It is argued that appellant was entitled to have a verdict entered in its favor at the first trial, and the action of the court refusing same is assigned for error.

Appellant relies upon the old case of *Prussel et al.* v. *Knowles,* 4 How. (Miss.) 90, and *Wirt* v. *Reid et al.,* 138 App. Div. 760, 123 N. Y. S. 706. The former was an action of trespass against several defendants. The jury reported a verdict for plaintiff, and was discharged by the court. One of the number remained in the courtroom, and it was brought to the attention of the court that the jury did not find against Allen, then dead, nor against

McDonald, another defendant, but found against all the other defendants. The entire panel immediately came in, and confirmed the statement of the juror. Over objection, the trial court ordered the verdict amended accordingly. This court held this not to be error. It is to be distinguished from the case at bar, because there the jury had agreed upon a verdict, and intended to so report it, but by error included two defendants not intended to be included. Here the jury never agreed to report a verdict; on the contrary, reported a disagreement based, as it is claimed, on an erroneous understanding of the law.

In *Dearing* v. *Ford,* 13 Smedes & M. 269, this court said: "*Prussel* v. *Knowles,* 4 How. 90, carries the practice upon this head as far, probably, as it ought to go."

In *Wirt* v. *Reid, supra,* there were two defendants. On repairing to its room, the jury promptly agreed to find in favor of one defendant, but had not agreed as to the other, when discharged by the clerk on Friday afternoon, after court adjourned for the week. On Monday morning the clerk entered a mistrial. The jurors, some of whom were present, stated to the court the jury's agreement not to find against Reid. The trial court permitted the verdict to be so entered. On appeal, this action was affirmed.

In both cases relied upon there had been an agreement of the jury. They had agreed upon a verdict, as they had a right to do, as to some of the defendants. But here, it would become necessary to supply what the jury itself had failed to do. It would be a dangerous practice, inviting fraud and undue influence, and would be a violation of the well-established rule prohibiting a jury from giving testimony vitiating its own verdict. For the jury to be permitted to say, "We would have decided differently had we understood the instructions," would open a way of attack upon every verdict and result in delay and many complications.

In *Norris* v. *State,* 3 Humph. (Tenn.) 337, 39 Am. Dec. 175, the court held:

"Here a correct charge in clear and perspicuous language was delivered—but these jurors, mistaking the sense of the charge, based their verdict upon an erroneous conception of its meaning. It must be perceived that to grant a new trial upon these affidavits, would be going much farther than any former decision has gone, and would be opening a door for all the mischiefs that enlightened jurists have apprehended from the admission of such evidence to impeach a verdict."

See, also, 27 R. C. L. 896.

We do not think this ruling of the court was error.

Appellant next contends that the court erred in giving instructions Nos. 6 and 7, both of which seek to invoke our *prima-facie* statute. These instructions are as follows:

"No. 6. The court instructs the jury for the plaintiff that ordinarily the burden of proof is upon the plaintiff to establish his right to recover, but in this case the jury is instructed that, if the plaintiff has proven to the satisfaction of the jury that the injury complained of in the declaration was inflicted on the track of the defendant's railroad and by the running of its locomotive or cars, this is *prima-facie* evidence of the want of reasonable skill and care on the part of the defendant company in reference to such injury, and *imposes upon the defendant the burden to show all the facts necessary to prove that the defendant was not negligent,* with reference to such injury, and, if the jury believes from the evidence that all such facts are not so shown by the evidence in this case, with reference to the injury, or that the facts when shown show the defendant negligent with reference to the injury complained of, then the jury must find for the plaintiff." (Italics ours.)

"No. 7. The court instructs the jury as a matter of law that proof of injury by the running of the defend-

ant's cars, propelled by the powerful and dangerous agency of steam, is *prima-facie* evidence of negligence causing such injury, and unexplained entitles the plaintiff to a verdict, but, if all the facts and circumstances under which such injury was inflicted are in evidence and known to the jury from the evidence, it is the duty of the jury to apply their minds to such facts and circumstances and if possible to determine whether or not such injury was the result of the negligence of the employees of the defendant, alone from such facts and circum-stances, and further, if there is a conflict in the evidence as to the facts and circumstances under which such injury was inflicted, and the jury is unable to determine, *for any reason* whether such injury was the result of the negligence of the defendant's employees or not, then it cannot be said that such facts and circumstances are known in a legal sense and such *prima-facie* evidence of negligence on the part of such employees, remains in effect an inference of such negligence may be drawn from the infliction of such injury, *and should determine the defendant's liability in this case.*" (Italics ours.)

On the second trial it appears that all the facts bearing upon the collision were introduced in evidence, and these facts are in conflict. These instructions cannot be upheld when tested by the rule announced in *Davis* v. *Temple*, 129 Miss. 6, 91 So. 689; *Hines* v. *McCullers*, 121 Miss. 666, 83 So. 734; *Davis* v. *Elzey*, 126 Miss. 809, 88 So. 630, 89 So. 666; *Railroad Co.* v. *Daniell*, 108 Miss. 358, 66 So. 730; *Railroad Co.* v. *Brown*, 138 Miss. 39, 102 So. 855.

Instruction No. 6 tells the jury that the statute "imposes upon the defendant the burden to show all the facts necessary to prove that the defendant was not negligent." Substantially the same language was used in an instruction in the *Davis case, supra,* and was there condemned, and the case reversed, the court, through Judge ETHRIDGE, saying: "When the facts are proven or ap-

pear in evidence, it is not necessary that they should exonerate the defendant from negligence.''

In *McCullers case, supra,* an instruction said in part: ''Unless the jury are so satisfied from the evidence that defendant was free from all negligence in the killing of deceased, then the jury will find a verdict for the plaintiff.''

This court held, speaking through its Chief Justice:

''It is not the law that, when the facts and circumstances of an injury have been explained by the defendant by evidence which the jury believe to be true, the jury must find for plaintiff unless such facts and circumstances 'satisfy the jury that the defendant was free from all negligence . . . which contributed to the injury' or 'unless the whole proof satisfies the jury that the defendant was entirely free from negligence.' On the contrary, when the facts and circumstances have been proven, or have been found by the jury when the evidence relative thereto is conflicting, the presumption of negligence raised by the statute disappears, and the liability of the defendant must then be determined from the evidence, and the jury should find for the defendant, unless it appears from the evidence that he was guilty of negligence which caused the plaintiff's injury.''

Instruction No. 7 falls under the condemnation of *Davis* v. *Temple, supra,* wherein the court held:

''But the statute was not designed to free the jury from the duty of deciding the conflicting evidence as to what the real facts are, but such conflicts of evidence must be determined by the jury as any other conflict of fact . . . if the facts are in evidence and do not speak negligence, or if the jury cannot find from the facts that there was negligence, the plaintiff must fail in his action.''

And is also condemned in the *McCullers case, supra,* where the court said:

"On the contrary, when the facts and circumstances have been proven, or have been found by the jury when the evidence relative thereto is conflicting, the presumption of negligence raised by the statute disappears, and the liability of the defendant must then be determined from the evidence, and the jury should find for the defendant, unless it appears from the evidence that he was guilty of negligence which caused the plaintiff's injury."

In granting these instructions, we think the court was in error, necessitating reversal.

*Reversed and remanded.*