COLUMBUS & G. RY. CO. *v.* FONDREN.*

(Division A. April 22, 1929.)

[121 So. 838. No. 27558.]

*Corpus Juris-Cyc References: Railroads, 33 Cyc, p. 1015, n. 62; p. 1068, n. 86; p. 1132, n. 98. As to imputed negligence of driver of automobile to guest, see annotation in 8 L. R. A. (N. S.) 597; L. R. A. 1915A, 761; L. R. A. 1915B, 953; 18 A. L. R. 303; 2 R. C. L. Supp. 1207; 1 R. C. L. Supp. 743; 4 R. C. L. Supp. 159; 5 R. C. L. Supp. 148; 6 R. C. L. Supp. 139; 7 R. C. L. Supp. 73; 20 R. C. L. 163, *et seq.*

*A. F. Gardner, Will E. Ward* and *Owen & Garnett,* for appellant.

42

43

44

46

48

50

*Daniel & Greene,* for appellee.

Argued orally by *C. L. Garnett,* for appellant, and *G. Odie Daniel* and *J. D. Greene,* for appellee.

McGowen, J. The appellee, T. L. Fondren, obtained a judgment against the appellant, the Columbus & Greenville Railway Company, in the sum of five thousand three hundred fifty dollars as damages for the personal injuries received by him on account of being struck by a passenger train of the appellant at a public crossing in the town of Moorhead. This is the second appearance of this case, the first having been reversed and remanded. 145 Miss. 679, 110 So. 365.

The track of the railway company at the point in question runs east and west with the public highway on the south side of and paralleling the track until it reaches the crossing in question, where the main highway turns at a right angle and across to the north side thereof and continues into the town of Moorhead. On the south side, a less frequently used fork of the highway continues along the track past this crossing.

The appellee was riding in a Ford coupé with three other persons, one of whom was the driver of the car.

The appellee was sitting in the middle with the driver on his left, and the other two parties on his right, one of whom was sitting in the lap of the other. The coupé was struck on this crossing by a west-bound passenger train running in the same direction in which the car was traveling before it attempted to cross the track.

There was conflict in the testimony as to whether the statutory crossing signals were given by the engineer of the train, and also as to the condition of the crossing where the car was struck. The facts and circumstances of the accident were testified to, and the testimony of numerous witnesses explained the circumstances under which the injury occurred.

The evidence shows that the car was driven upon the track by the driver, Tucker, without first having stopped within the distance from the track required by the Mississippi Stop Law. Appellee was riding in the car at the time of the injury as an invited guest. Neither the driver of the car nor the appellee was familiar with the road or the crossing, appellee having been over it only once and the driver of the car twice, one of the trips being made in the nighttime, when he approached the crossing from the opposite direction, the north side. Appellee testified that as the car approached the crossing, he looked to the west for a train but saw none; that he could not look the other way because of the two men sitting in the car on that side, but that after the car turned and approached the track he looked to the east and saw the on-coming train; and that he then had no time to warn the driver, because it was too late to stop. The driver of the car testified that he was not familiar with the crossing; that the road appeared to continue parallel with the track and past the crossing; that he was immediately upon the crossing before he was aware it was there, and that his attention was called to it by one of the other boys saying, "Turn here;" and that as

the turn was made, the car slowed down, but that he did not stop before venturing upon the track.

Under these circumstances, the court granted to the plaintiff, appellee here, the following instructions:

(1) "The court instructs the jury for the plaintiff that if you believe from the testimony that plaintiff was injured by the running and operating of a train of the defendant under the law the establishment of the proof is *prima-facie* evidence that the injuries received by plaintiff were sustained as a result of the negligence of the defendant in the operating and running of its trains."

(2) "The court further charges the jury for the plaintiff that while proof of the injury by the running and operation of the train of defendant is *prima-facie* evidence that the same was the result of negligence of defendant, yet when you have heard all the facts and circumstances, if you can determine from such facts and circumstances whose negligence, carelessness, etc., was the cause of the injury then this presumption of carelessness must yield to the facts and you must decide the case upon the facts and not upon the presumption. *However, if there is such a conflict of facts and theories between the testimony of plaintiff and the testimony of defendant as to prevent you from being able to determine how the injury was inflicted then you may apply the inference of negligence against the railroad company and render a verdict for the plaintiff.*" (Italics ours.)

The first and second assignments of error relate to the giving of these two instructions. Counsel say that, inasmuch as the facts and circumstances relative to the injury were given in full detail, the court should not have granted the instructions placing before the jury the statutory presumption of negligence arising from the fact that the injury was occasioned by the operation of a railroad train.

1. As to the giving of instruction No. 1 in the case of *Columbus & Greenville Railway Co.* v. *Fondren, supra,*

this case was reversed because of the giving of such instruction; and since the decision of that case, this court, *en banc,* has fully considered the same, holding in the case of *Columbus & Greenville Railroad Co.* v. *Lee,* 149 Miss. 543, 115 So. 782, that the former Fondren case was expressly overruled by the court *en banc* after a very careful review of all of our cases pertinent to this statute.

2. As to the giving of the second instruction, the question for consideration is whether it is erroneous because of the wording of the last sentence thereof italicized by us. Counsel stoutly insist that this part of instruction No. 2 is error, denominating it as a "cracker," and urges that this cause should be reversed for the giving thereof; that it was tantamount to requiring the jury to find negligence at all events, and relieved the jurors from any difficulty and from standing by their individual opinions as to whether or not there was negligence on the part of the railroad company. Counsel also insist that, because of certain expressions indulged in by this court in a number of cases, that this precise instruction has already been condemned by it, and that cases have been reversed for the giving of the substance of this same instruction, calling our attention especially to the following cases: *Alabama Great Southern Railway Co.* v. *Daniell,* 108 Miss. 358, 66 So. 730; *Hines* v. *McCullers,* 121 Miss. 666, 83 So. 734; *Davis* v. *Elzey,* 126 Miss. 789, 88 So. 630, 89 So. 666; *Gulf, M. & N. R. Co.* v. *Brown,* 138 Miss. 39, 102 So. 855; *Gulf, M. & N. R. Co.* v. *Arrington* (Miss.), 107 So. 378; *Yazoo & M. V. R. Co.* v. *Gore* (Miss.), 117 So. 521; *Davis* v. *Temple,* 129 Miss. 6, 91 So. 689.

To set out the several instructions in full would lengthen this opinion unnecessarily, so we shall content ourselves with stating the construction we have placed upon the action of the court in these several cases.

In the case of *Alabama Great Southern Railway Co. v. Daniell, supra,* Chief Justice SMITH condemned the instruction there under consideration because a greater burden was required of the defendant therein than was warranted—in fact, the jury were told that the circumstances of the accident must be clearly shown and the facts proven must exonerate the company from blame; that if it be not so proven, and the attendant circumstances of the act remain doubtful, then the railroad company is not relieved from liability and the presumption controls. In other words, by this instruction the language of this court in passing upon the question of a peremptory instruction for the defendant company was incorporated into the instruction, and the jury were, in effect, told that unless the defendant company was entitled to a peremptory instruction, the jury could not pass upon any conflict of evidence, but must resort to the presumption. This, we think, is a fair interpretation of the discussion by this court of the instructions condemned in this case. The question of the degree of proof was not considered by the court in the case of *Alabama & V. R. Co.* v. *Thornhill,* 106 Miss. 387, 63 So. 674, but the propriety of invoking the *prima-facie* statute at all by instructions in this character of case.

In the case of *Hines* v. *McCullers,* 121 Miss. 666, 83 So. 734, by the *prima-facie* instruction invoked there, the jury were told that unless the facts and circumstances satisfy the jury that the defendant was free from all negligence which contributed to the injury, or unless the whole proof satisfies the jury that the defendant was entirely free from negligence, they would find a verdict for the plaintiff. The instruction emphasized that the jury must find from the facts and circumstances negligence *vel non,* and that the evidence must show, when the facts and circumstances have been proved and are conflicting, that the defendant is guilty of negligence.

The instruction reversed the rule, placing the burden, which was upon the appellee, upon the appellant.

The instruction condemned in the case of *Davis* v. *Elzey,* 126 Miss. 789, 88 So. 630, 89 So. 666, told the jury that the presumption of negligence remained and controlled in the case until the facts and circumstances with reference to the injury have been satisfactorily proved to the jury. It also stated that if the jury were in doubt as to the facts and circumstances attending the injury, the presumption would be applied—in other words, requiring the railroad company to prove beyond a doubt that it was not negligent. The case was not reversed because of the giving of this instruction, but the court necessarily condemned the instruction as placing an unbearable burden upon the railroad company, reversing all rules of law with reference to the degree and burden of proof in a civil case.

In the case of *Gulf, M. & N. R. Co.* v. *Brown,* 138 Miss. 39, 102 So. 855, the court there was considering instruction No. 6, and Judge ETHRIDGE, speaking for the court, condemned that part of the instruction which required a railroad company to exonerate itself from the blame, and, unless exonerated, it was liable, and the presumption controls in that event. Judge ETHRIDGE said: "It is not true that the law requires the facts to exonerate the railroad company from blame. The law requires the facts to be produced, and if the facts are not produced in evidence, the presumption prevails; but when the facts are produced the jury must decide the question from the facts, and unless the facts show *negligence* the plaintiff does not prevail." (Italics ours.)

In the case of *Gulf, M. & N. R. Co.* v. *Arrington* (Miss.), 107 So. 378, Judge HOLDEN, speaking for the court, condemned an instruction because he said it was error to tell the jury that the burden of proof is upon the defendant to exonerate itself from any and all negligence. He

also said that the instruction was defective in other respects, which he did not point out.

In the case of *Yazoo & M. V. R. Co.* v. *Gore* (Miss.), 117 So. 521, the instruction condemned told the jury that if they were unable to determine for any reason whether or not such injury was the result of the *negligence of the defendant* or its employees, then the facts and circumstances were not known. This instruction was condemned by this court and the case reversed. The vice of this instruction was that the jury were told that they could resort to any reason, reasonable or unreasonable, to ascertain whether or not the injury was the result of the negligence of the defendant or its employees as an excuse for not determining the facts. It was not the purpose of the law to impose *negligence* when the facts were made known to the jury, but the purpose for which the jury was impaneled was to find out how the injury occurred, and, having so ascertained, say from the facts as to whether or not negligence resulted, or whether or not negligence from the facts could be inferred. It clearly relieved the jury of the duty of determining the facts on conflicting evidence.

In *Davis* v. *Temple,* 129 Miss. 6, 91 So. 689, the instruction there told the jury that the facts and circumstances attendant upon the infliction of the injury must be proved, and, as proved, must show that the defendant was guilty of no negligence in connection with the infliction of the injury; and they were instructed that because of a conflict of evidence they could apply the presumption and infer negligence against the railroad company. This instruction is not warranted by the Thornhill case, and clearly relieved the jury from determining on the facts whether or not there was any negligence shown as against the defendant company.

The instruction here under consideration is practically the language of the court in the case of *Alabama & V. Railroad Co.* v. *Thornhill,* 606 Miss. 387, 63 So. 774; and

the Thornhill case has been adhered to in every case where this question has been presented to this court, and has been especially approved in a number of cases. There Judge SMITH said:

"Where, as in the case at bar, there is a dispute as to the facts and circumstances under which the injury was inflicted, it cannot be said that they are known in the legal sense until they have been found by the jury, and, if the jury is unable, for any reason, to determine from the evidence what the facts and circumstances are, they never, in the legal sense, become known, and consequently in such a case the inference of negligence drawn from the infliction of the injury remains in effect and determines the defendant's liability."

The Thornhill case was followed and approved in the cases of *Gulf, M. & N. R. Co.* v. *Hudson,* 142 Miss. 542, 107 So. 369, and *Columbus & G. R. Co.* v. *Lee,* 149 Miss. 543, 115 So. 782. The instruction here complained of placed no new additional burden upon the defendant company, but adheres substantially to the rule announced in the Thornhill case. We think it would be decidedly better for counsel in drawing this instruction to confine it to the applicable language used in that case, and then there could be no chance for it to be misunderstood. It was not error to give the instruction here complained of.

3. Counsel next complains because an instruction was given by the court on the condition of the crossing, and insisted that there was no evidence upon which to base the instruction. We cannot agree with him on this contention. One witness testified that the south side of the approach to the railroad was in holes and had gravel dumped upon it, which had not been scattered over it; another witness said that he could not go over the crossing without running his car in low gear; and one witness stated that the planks between the rails were broken "in two" and the ends of them were sticking up. The railroad witnesses were in accord that the crossing was safe

and convenient; the appellee's witnesses were in accord that it was in bad condition and unsafe. There was a sharp conflict in the testimony, and no error can be predicated upon this branch of the case.

4. Counsel for appellant next insists that the action of the court in granting plaintiff two instructions and refusing three instructions for the defendant, based upon the doctrine of imputed negligence, constituted error. The appellant, by his instructions, refused by the court, sought to have the jury instructed that appellee should be charged with the negligence of the driver in failing to stop before going upon the railroad track of the defendant, and cites the case of *Columbus & G. R. Co.* v. *Buford,* 150 Miss. 832, 116 So. 817, in support of its contention. The court, on the facts of that case, held that instruction J was proper, but the principles involved in that instruction could not be applied to the facts in this case. The appellee was a guest, riding in a Ford coupé, the driver on one side of him, and two men, one sitting in the other's lap, on the other side. The car was suddenly turned from a road (which proceeded straight south) at right angles along the road which crossed the railroad track, and the turn was made within sixty feet of the track. To impute the negligence of the driver to the appellee, situated as he was in a car traveling at the rate of twenty miles an hour, would be to require the quickness of thought and the vigilance of a Sherlock Holmes. On the facts of this case, there was no room for this doctrine. See *Columbus & G. R. Co.* v. *Buford, supra; Columbus & G. R. Co.* v. *Lee,* 149 Miss. 543, 115 So. 782, and the authorities therein cited.

Under the circumstances the appellee had the right to assume that the driver would obey the law and take such precaution as was reasonable and prudent under the circumstances; but there was no time for the appellee to remonstrate with the driver from the time intervening

between the lack of obedience to the law by the driver and the striking of the car by the passenger train.

Counsel's contention as to the giving of the signals in this case, and the character of the testimony of the plaintiff tending to show that the signals were not given, was fully discussed and disposed of in the case of *Columbus & G. Railroad Co.* v. *Lee,* cited *supra.*

We think the instructions fairly submitted the case to the jury, and that there is no reversible error therein.

*Affirmed.*