**WICKTON et al. v. LOUISVILLE & N. R. CO.**

District Court, S. D. Mississippi, S. D.

Dec. 22, 1930.

Mize & Mize & Thompson and T. J. White, all of Gulfport, Miss., and W. J. Gex, of Bay St. Louis, Miss., for plaintiffs.

Smith & Johnston, of Mobile, Ala., for defendant.

HOLMES, District Judge.

Plaintiffs' intestate drove his automobile at a grade crossing in front of a fast-approaching train of defendant and was killed instantly. Alleging that the injury resulted from the failure of the railroad employees to ring the bell or blow the whistle and otherwise to use due care in operating the train, the heirs of the deceased brought this suit and obtained judgment.

The main facts surrounding the accident were disclosed by witnesses on the trial with reasonable certainty, but with some conflict as to the speed of the train and whether the statutory signals were given. The driver was alone in the car, and no one knows whether he saw the train or heard the signals, if the latter were given, but, if he had stopped and looked, before going upon the

track, there was nothing to keep him from seeing the train. There was testimony for the plaintiffs that no signals were given and for the defendant that all were duly given. The verdict in the main might, and probably should, have turned upon this controverted issue of fact. It was the duty of the jury to give attention to the evidence and rationally to reconcile or solve the conflicting testimony. It was the constitutional right of the defendant to have them do so free from arbitrary legislative dictation.

In these circumstances, at the request of the plaintiffs, the court charged the jury that, if there was such a conflict of fact in the testimony as to prevent them from being able to determine how the injury was inflicted, then they might infer negligence on the part of the defendant and render a verdict for the plaintiffs.

The instruction in exact words was proper under the Mississippi prima facie statute, as construed by the highest court of the state in its latest decisions. Columbus & G. Ry. Co. v. Lee, 149 Miss. 543, 115 So. 782; Columbus & G. Ry. Co. v. Fondren, 154 Miss. 40, 121 So. 838. This statute in full is as follows:

"1580. *Injury to Persons or Property by Railroads, Prima Facie Evidence of Want of Skill.*—In all actions against railroad corporations and all other corporations, companies, partnerships and individuals using engines, locomotives, or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, for damages done to persons or property, proof of injury inflicted by the running of engines, locomotives or cars of any such railroad corporations or such other corporation, company, partnership or individual shall be prima facie evidence of the want of reasonable skill and care of such railroad· corporation, or such other corporation, company, partnership or individual in reference to such injury. This section shall also apply to passengers and employees of railroad corporations and of such other corporations, companies, partnerships and individuals." Section 1580, Miss. Code 1930, section 1717, Hemingway's Code 1927.

The constitutionality of the above statute was directly attacked but upheld in Mobile, J. & K. C. R. Co. v. Hicks, 91 Miss. 273, 46 So. 360, 124 Am. St. Rep. 679, and, in the same case, in Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136, 138, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann.

Cas. 1912A, 463. In discussing the statute in the case just cited, the Supreme Court of the United States, after remarking that the law of evidence is full of presumptions either of law or fact, the former, of course, disputable, and that legislation providing that proof of one fact shall constitute prima facie evidence of the main fact in issue is but to enact a rule of evidence quite within the general power of government, said:

"We are not impressed with the argument that the supreme court of Mississippi, in construing the act, has declared that the effect of the statute is to create a presumption of liability, giving to it, thereby, an effect in excess of a mere temporary inference of fact. The statutory effect of the rule is to provide that evidence of an injury arising from the actual operation of trains shall create an inference of negligence, which is the main fact in issue. The only legal effect of this inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done the inference is at an end, and the question of negligence is one for the jury, upon all of the evidence. In default of such evidence, the defendant, in a civil case, must lose, for the prima facie case is enough as matter of law.

"The statute does not, therefore, deny the equal protection of the law, or otherwise fail in due process of law, because it creates a presumption of liability, since its operation is only to supply an inference of liability in the absence of other evidence contradicting such inference.

"That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law, it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. So, also, it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed.

"If a legislative provision not unreasonable in itself, prescribing a rule of evidence, in either criminal or civil cases, does not shut out from the party affected a reasonable opportunity to submit to the jury in his defense all of the facts bearing upon the issue, there is no ground for holding that due process of law has been denied him.

"Tested by these principles, the statute as construed and applied by the Mississippi court in this case is unobjectionable. It is not an unreasonable inference that a derailment of railway cars is due to some negligence, either in construction or maintenance of the track or trains, or some carelessness in operation."

In the Turnipseed Case, just quoted from, the injury was caused by a derailment of cars, in this case by a collision between a railway locomotive and an automobile at a grade crossing.

In Western & Atlantic Railroad v. Henderson et al., 279 U. S. 639, 49 S. Ct. 445, 447, 73 L. Ed. 884, a Georgia statute, which, upon the mere fact of such a collision, raised a presumption of negligence against the railroad and made it liable unless it showed due care in respect of every matter alleged against it, was declared unreasonable, arbitrary, and violative of the due process clause of the Fourteenth Amendment.

After again announcing that a prima facie presumption, which merely casts upon one party the duty of going forward with his evidence, is valid, if there is a rational connection between what is proved and what is to be inferred, but that legislative fiat may not take the place of fact in judicial determination of issues involving life, liberty, or property, the court said:

"The mere fact of collision between a railway train and a vehicle at a highway grade crossing furnishes no basis for any inference as to whether the accident was caused by negligence of the railway company, or of the traveler on the highway, or of both, or without fault of any one. Reasoning does not lead from the occurrence back to its cause. And the presumption was used to support conflicting allegations of negligence. Plaintiff claimed that the engineer failed to keep a lookout ahead, that he did not stop the train after he saw the truck on the crossing, and that his eyesight was so bad that he could not see the truck in time to stop the train.

"Appellee relies principally upon Mobile, J. & K. C. R. R. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463. That was an action in a court of Mississippi to recover damages for the death of a section foreman accidentally killed in that state. While engaged about his work he stood by the track to let a train pass; a derailment occurred and a car fell upon him. A statute of the state provided: ' * * * Proof of injury inflicted by the running of the locomotives or cars of such (railroad) company shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury.' That provision was assailed as arbitrary and in violation of the due process clause of the Fourteenth Amendment. This court held it valid and said (page 43 of 219 U. S., 31 S. Ct. 138). 'The only legal effect of this inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done the inference is at end, and the question of negligence is one for the jury upon all of the evidence. * * * The statute does not * * * fail in due process of law, because it creates a presumption of liability, since its operation is only to supply an inference of liability in the absence of other evidence contradicting such inference.' That case is essentially different from this one. Each of the state enactments raises a presumption from the fact of injury caused by the running of locomotives or cars. The Mississippi statute created merely a temporary inference of fact that vanished upon the introduction of opposing evidence. Gulf, M. & N. R. Co. v. Brown, 138 Miss. 39, 66, 102 So. 855 et seq.; Columbus & G. Ry. Co. v. Fondren, 145 Miss. 679, 110 So. 365. That of Georgia as construed in this case creates an inference that is given effect of evidence to be weighed against opposing testimony, and is to prevail unless such testimony is found by the jury to preponderate."

At the time of the above decision, Columbus & G. Ry. Co. v. Fondren, 145 Miss. 679, 110 So. 365, was the latest announcement of the state court construing the statute. The court had reversed the lower court for giving an instruction such as is complained of in this case. But later in Columbus & G. Ry. Co. v. Lee, 149 Miss. 543, 115 So. 782, and Columbus & G. Ry. Co. v. Fondren, 154 Miss. 40, 121 So. 838, the Supreme Court of Mississippi overruled the Fondren Case in 145 Miss. 679, 110 So. 365, abandoned the construction of the statute upon which its constitutionality had been upheld, and which had distinguished it from the Georgia statute, and gave it a construction which brings it clearly within the condemnation of Western & A. R. R. Co. v. Henderson, 279 U. S. 639, 49 S. Ct. 445, 73 L. Ed. 884.

■ The construction of state statutes by the highest court of the state becomes a part of the statute and the federal courts, as a general rule with very limited exceptions, will fol-

618

low the latest decision construing such statute, even though necessary to change a former ruling. Edward Hines Yellow Pine Trustees v. Martin, 268 U. S. 458, 45 S. Ct. 543, 69 L. Ed. 1050.

As now construed, the Mississippi statute puts the burden upon the defendant to show how the accident occurred in the case of a collision between a locomotive and an automobile. If there is a conflict in the testimony and the jury are unable to say what the truth is or how the accident happened, the presumption requires the verdict to be for the plaintiff. If the evidence is evenly balanced, it tips the scales in favor of the plaintiff.

The statute reverses the ordinary rule applicable in other matters, which is that negligence is an affirmative fact to be shown by him who alleges it, and that, until the contrary appears, there is a general presumption that one in the conduct of a lawful business will exercise due care. As now construed, the statute does not create merely a "temporary inference of fact," that vanishes upon the introduction of some evidence to the contrary, but it creates a presumption "that is given the effect of evidence to be weighed against opposing testimony." It goes with the jury in their deliberations and determines the verdict whenever there is a conflict between witnesses unless the defendant has produced sufficient evidence not only to rebut it but to overcome opposing testimony. It makes the naked fact of inflicting injury sufficient basis of liability, and handicaps the defendant throughout the trial and until a verdict is rendered.

Even the doctrine of res ipsa loquitur does not apply upon mere evidence of an injury sustained, but only where the nature and circumstances of the accident make it probable that it was caused by defendant's negligence. Cincinnati, etc., Ry. Co. v. South Fork Coal Co. (C. C. A.) 139 F. 528, 533, 1 L. R. A. (N. S.) 533.

Reliance is had by the plaintiffs upon Columbus & G. Ry. Co. v. Buford, 281 U. S. 695, 50 S. Ct. 248, 74 L. Ed. 1123, recently decided by the Supreme Court of the United States, wherein the court dismissed an appeal from the Supreme Court of Mississippi (122 So. 501) involving the question here presented. The appeal was not dismissed in that case for the want of a substantial federal question, but for the want of a properly presented substantial federal question. It seems that the question in the Buford Case was raised for the first time in the Supreme Court of Mississippi in a supplemental assignment of errors. It was not raised at any time in the lower court, nor even in the regular assignment of errors in the Supreme Court, and consequently was entirely ignored in its decision by the Supreme Court of Mississippi. These facts, and because there was no rule of court or statutory authority in Mississippi for the assignment of supplemental errors, and because the state court ignored the supplemental assignment, induced the federal Supreme Court to dismiss the case because the question was not properly presented.

In the case before me, the material questions as to liability were the speed of the train and the signals given. Numerous witnesses testified on both sides in reference to these matters. The jury should have been restricted to the testimony in rendering its verdict, instead of being told that they might apply the presumption. The charge gave evidentiary value to the statute, and was prejudicially erroneous.

Accordingly, the verdict should be set aside and a new trial granted. It is so ordered.